UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHELBY JENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01100-JRS-MPB |
| | ) | |
| LOWE'S HOME CENTERS, LLC, THE | ) | |
| SCOTTS COMPANY, LLC, and SCOTTS | ) | |
| LIVE GOODS HOLDINGS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Motion to Remand**

### I.    Introduction and Background

Here is a tempest in a teacup.

Plaintiff Shelby Jenson sued Defendants Lowe's Home Centers, LLC; the Scotts Company, LLC; and Scotts Live Goods Holdings, Inc. in state court for personal injury.  Jenson alleges she was seriously injured when bags of Scotts' lawn care product fell onto her from off a storage rack at a Lowe's hardware store.  The dispute of the moment, however, is a procedural quibble about the Defendants' consent to removal from state court.

Lowe's removed the state case to federal court on May 27, 2022.  (ECF No. 1.)  In the Notice of Removal, Lowe's stated it "has conferred with Tammy Meyer, counsel for the Scotts Company, LLC and Scotts Live Goods Holdings, Inc. and has been advised that they consent to the removal of this action."  (*Id.* ¶ 6.)  Scotts' counsel appeared in the federal case on June 2, 2022, and Scotts filed an answer the same

day.  (ECF No. 5, 6.)  On June 8, Jenson filed her Motion to Remand, (ECF No. 12),

in which she argued that Scotts had not timely joined in or consented to Lowe's Notice

of Removal.  Scotts responded on June 10 with a Verified Consent to Removal, (ECF

No. 13), in which it affirmed that Lowe's had secured its consent to removal, that it

had reviewed and approved Lowe's Notice of Removal before filing, and that it filed

its Answer with the understanding that the case had been properly removed to

federal court.

Jenson then filed an Amended Motion to Remand, (ECF No. 14), asserting that

Scotts' Verified Consent was too late to remedy the defects she alleges in the initial

Notice of Removal.  This Court on June 29 issued an Order, (ECF No. 25), granting

Defendants leave to file an Amended Notice of Removal, which the next day they did,

(ECF No. 26).

Now the parties are at a standstill.  Nobody disputes this Court's diversity

jurisdiction under 28 U.S.C. § 1332.  (Order on Case Management II.A, ECF No. 29.)

But, in Magistrate Judge Brookman's words, "[i]t is Plaintiff's position that Plaintiff

is awaiting a ruling from the Court on Plaintiff's Motion to Remand. It is Defendants'

position that the Motion to Remand was rendered moot by the Court's June 29, 2022

Order and the Defendants June 30, 2022 Amended Notice of Removal." (*Id.*)

The Court comes now to clear things up.

## II.   Discussion

Jenson argues that the removal statute, 28 U.S.C. § 1446, requires all defendants to join in the notice of removal by consent in a signed writing.  (Pl. Reply Br. 2–5, ECF No. 23.)  She cites to old cases.[1]  (*Id.*)

In 2011, though, the removal statute was amended.  *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat 758.  The relevant provision, § 1446(b)(2)(A), now reads "[w]hen a civil action is removed solely under section 1441(a) [the general removal provision], all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).

The Court finds that the paragraph in Lowe's initial Notice of Removal, (ECF No. 1 ¶ 6), to the effect that Scotts had consented by counsel to the removal, was sufficient notice of Scotts' "consent" under the terms of § 1446 as amended.  Old caselaw is no longer apposite; no additional requirements apply.  But, in case that paragraph were not enough, the Court notes that Scotts made a general appearance and filed an answer.  Those acts show consent to this Court's jurisdiction.  And while at least one court has held that filing an answer in federal court is not, standing alone, unambiguous consent to removal, *see Prod. Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1077 (E.D. Wis. 1993), the answer does not stand alone here.  Any

---

[1] The one factually analogous post-2011 case Jenson cites, *Kindred v. Indiana Dep't of Child Servs.*, No. 2:18-CV-0207-WTL-DLP, 2018 WL 11270648, at *2 (S.D. Ind. July 24, 2018), is not persuasive to this Court: the pre-amendment cases requiring a "writing" construed the old statute's command that the defendants "join" the notice of removal.  The amended statute reads "join in or consent to," thereby allowing consent by some means other than joining by writing.

lingering doubts about Scotts' consent to removal should be dispelled by its Verified

Consent to Removal.

### III.   Conclusion

Jenson's Motion to Remand, (ECF No. 12), and Amended Motion to Remand, (ECF

No. 14), are **denied.**


**SO ORDERED.**


Date: 09/26/2022

                                     JAMES R. SWEENEY II, JUDGE
                                     United States District Court
                                     Southern District of Indiana


Distribution by CM/ECF to registered counsel of record.